UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MUHAMMAD SHABBIR,

                Plaintiff,

- against -

PAKISTAN INTERNATIONAL AIRLINES,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

99 CV 5601 (CLP)

On August 18, 1999, Muhammad Shabbir, proceeding *pro se*, filed this action in New York State Supreme Court, Queens County, against defendant Pakistan International Airlines ("PIA"), alleging that he was wrongfully terminated from his employment at PIA, in violation of the N.Y.S. Labor Law § 201-D and the First Amendment of the United States Constitution, based on various political statements he made regarding certain Pakistani officials. Defendant removed the case to this court on September 13, 1999. Following the completion of discovery, defendant PIA moved for summary judgment on the grounds that plaintiff has produced no evidence to support his claims. Despite having been granted numerous extensions of time, plaintiff has failed to submit any response to defendant's motion. Based on a review of the evidence presented and plaintiff's failure to submit anything refuting defendant's statement of material facts, the Court grants summary judgment in defendant's favor as set forth herein.[1]

---

[1] On March 19, 2003, the parties consented to the jurisdiction of the undersigned for all purposes.

FACTUAL AND PROCEDURAL BACKGROUND

It is undisputed that plaintiff Muhammad Shabbir was hired by PIA in April 1995 to work at New York's John F. Kennedy International Airport. (Am. Compl. ¶ 8; Alvi Decl. ¶ 2).[2] It is also undisputed that approximately two years later in August 1997, Mr. Shabbir was terminated from his employment at PIA. (Am. Compl. ¶ 12Y; Alvi Decl. ¶ 2).

In his Amended Complaint, Mr. Shabbir alleges that he is a "strong supporter of [the] Pakistan Peoples Party" and that he organized a group in the United States, known as "PPP USA," aimed at restoring democracy in Pakistan. (Am. Comp. ¶¶ 12A-12C). He publicly supported Benazir Bhutto in 1979, and when Mian Nawaz Shareef became Prime Minister of Pakistan in 1990, plaintiff engaged in political action and made speeches opposing Shareef. (Id. ¶¶ 12D, F-G, Q, T).

Plaintiff alleges that the General Manager and Chairman of PIA warned plaintiff repeatedly to stop his anti-Shareef propaganda. (Id. ¶¶ 12U, W). He alleges that when he refused to do so, he was terminated in August 1997 from his position at PIA due to his political activity. (Id. ¶ 12Y). Plaintiff further alleges that when he went to PIA to collect his vacation and sick leave, he was asked to sign a release in exchange for his pay, which he refused to sign. (Id. ¶ 16). When he threatened to sue, PIA paid him his money. (Id. ¶ 17).

PIA contends that Shabbir, who earned a living as a taxi driver[3] prior to his employment

---

[2]Citations to "Am. Compl." refer to plaintiff's Amended Complaint, submitted on December 7, 1999; citations to "Alvi Decl." refer to the Declaration of Mumtaz A. Alvi, Esq., dated June 1, 2007.

[3]PIA notes that Shabbir failed to disclose this fact in his employment application and argues that his application was thus "tainted by fraud." (Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, filed June 4, 2007 ("Def.'s Mem."), at 5). The

at PIA, was hired as an at-will employee. (Id.) In the late 1990s, PIA eliminated certain positions due to financial difficulties. (Id. at 6). Plaintiff's position was one of the ones eliminated and, according to defendant, has never been restored. (Id.)

According to defendant PIA, shortly after his termination, Shabbir filed a complaint against PIA with the New York State Attorney General, contending that he had been terminated in violation of New York State Labor Law § 201-D, which prohibits discrimination based on an employee's off-duty political activities. (Alvi Decl. ¶ 3). Following an investigation, the Attorney General closed the investigation on the grounds that there was insufficient evidence to support the complaint. (Id.)

Plaintiff initiated suit in Queens County Supreme Court and on September 13, 1999, PIA removed the action to this Court. (Id. n.3). Plaintiff filed his Amended Complaint on December 7, 1999, alleging violations of Section 201-D of the New York State Labor Law and the First Amendment of the United States Constitution.[4] (Alvi Decl. ¶ 3).

The case then proceeded to discovery. On February 2, 2000, the district court granted PIA's motion to strike plaintiff's demand for a jury trial and on December 19, 2005, this Court denied plaintiff's motion to disqualify PIA's counsel. Thereafter, on November 28, 2006, after being ordered on several occasions to produce medical authorizations, plaintiff withdrew his claim for emotional distress damages. (Id. ¶ 5, n.6).

---

Court has not considered this issue in rendering its decision herein.

[4]Defendant points out that the First Amendment is not explicitly cited in the Amended Complaint, but the Court has construed the allegations broadly in light of Mr. Shabbir's pro se status. See, e.g., Sharp v. Conole, 386 F.3d 482, 484 (2d Cir. 2004) (holding that complaint filed by pro se litigant would be construed broadly and interpreted "to raise the strongest arguments it suggests").

3

On June 4, 2007, after over seven years of litigation, defendant filed a motion for summary judgment, contending that plaintiff has failed to produce a single document or witness, beyond his own testimony, to support his claim that he was terminated due to his political activity. (Def.'s Mem. at 4).[5] Defendant argues that despite numerous orders from this Court directing plaintiff to produce his evidence and list his witnesses, he has failed to provide discovery of any corroborating evidence.

Plaintiff requested four extensions of time to respond to the defendant's motion. On January 24, 2008, the Court granted him a final extension of two weeks and warned that if plaintiff failed to respond, the motion would be decided on default. Plaintiff failed to comply with the Court's Order and to date has submitted nothing in response to the motion.

## DISCUSSION

A. Standards

It is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present a case to the jury, see Egelston v. State Univ. Coll. at Geneseo, 535 F.2d 752, 754 (2d Cir. 1976); Gibralter v. City of New York, 612 F. Supp. 125, 133-34 (E.D.N.Y. 1985) (stating that summary

---

[5]Defendant also filed and served upon Mr. Shabbir the required Notice to Pro Se Litigant Opposing Motion for Summary Judgment, dated June 1, 2007.

judgment "is a drastic remedy and should be applied sparingly"), the Court should not grant summary judgment unless "it is quite clear what the truth is [and] that no genuine issue remains for trial." Auletta v. Tully, 576 F. Supp. 191, 195 (N.D.N.Y. 1983) (internal quotation marks and citations omitted) (alteration in original), aff'd, 732 F.2d 142 (2d Cir. 1984). In addition, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 436 (2d Cir. 1999) (stating that "[w]hen considering a motion for summary judgment the court must draw all factual inferences and resolve all ambiguities in favor of the nonmoving party.").

Once the moving party discharges its burden of proof under Rule 56(c), the party opposing summary judgment "has the burden of coming forward with 'specific facts showing that there is a genuine issue for trial.'" Phillips v. Kidder, Peabody & Co., 782 F. Supp. 854, 858 (S.D.N.Y. 1991) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Id. at 248 (internal citation omitted).

B. Analysis

Defendant contends that summary judgment is warranted in this case because during the course of seven years of discovery, plaintiff has not produced a single document or witness to support his allegations. (Def.'s Mem. at 6-7). He has not taken any depositions and, apart from his own uncorroborated testimony, has provided no evidence despite numerous Orders from the Court to do so. (Id.)

Defendant notes that in his deposition taken on March 11, 2002, plaintiff was asked to identify the documents he intended to offer at trial in support of his claims. (Def.'s 56.1 Stmnt ¶ 3; Alvi Decl. ¶ 7). Although he indicated that he would produce, among other things, transcripts from certain "TV programs Channel 5," a picture of him with Benazir Bhutto, letters received from her, his business card, and documents from the police department indicating permission to participate in demonstrations, he never produced any of these items. (Alvi. Decl. ¶¶ 7-8; Def.'s 56.1 Stmnt ¶¶ 3-4). Similarly, although he testified that he would call witnesses, he never identified any witnesses except possibly his supervisor at PIA. (Alvi Decl. ¶¶ 8, 9). With respect to his claim that his supervisor at PIA warned him he would be fired for his political activities, Mr. Shabbir acknowledged that there was noone else present at the time. (Id. ¶ 9). Although he claimed that his General Manager at PIA, Khaja Salim Jahangir, conveyed this "strong statement and . . . message" regarding his political activities, plaintiff never provided any statement from Mr. Jahangir, nor did he submit interrogatories or seek to depose him. (Id. ¶¶ 10-11). Finally, defendant argues that even considering his own testimony, Shabbir has failed to establish a prima facie case of discrimination based on his political activities. (Def.'s Mem. at 10).

6

a. New York Labor Law

Plaintiff relies on Section 201 of the New York Labor Law, which prohibits adverse employment decisions based on an employee's political activities "outside of working hours, off of the employer's premises and without use of the employer's equipment or other property, if such activities are legal." N.Y. Labor Law § 210-d(2)(a). When a plaintiff submits evidence demonstrating that his termination was improperly based on his outside political activities, defendant bears the burden of coming forth with "'admissible evidence showing that plaintiff['s] political affiliations and activities did not play a substantial part in its decision.'" Baker v. City of Elmira, 271 A.D.2d 906, 907, 707 N.Y.S.2d 513, 515 (3rd Dep't 2000). See also Miller v. Vill. of Wappingers Falls, 289 A.D.2d 209, 209, 734 N.Y.S.2d 190, 190-91 (2d Dep't 2001).

Plaintiff has not met the first step in this analysis. Aside from the allegations in plaintiff's Amended Complaint, Mr. Shabbir has put forth no evidence to corroborate his claim that he was terminated from PIA because of his support for Benazir Bhutto. Although plaintiff indicated during his deposition that he would put forth witnesses and documentary evidence to prove his case (Tr.[6] at 208-09, 317-20), no such witnesses were ever deposed and no such evidence was ever introduced. Indeed, as defendant correctly points out, plaintiff has failed to comply with this Court's numerous Orders directing him to provide defendant with relevant discovery. Furthermore, Mr. Shabbir has offered nothing in response to defendant's assertions that he was an at-will employee whose position was terminated due to downsizing at PIA.

"In moving for summary judgment against a party who will bear the ultimate burden of

---

[6]Citations to "Tr." refer to the Deposition Transcript of Muhammad Shabbir, dated March 12, 2002, annexed as Exhibit B to the Alvi Declaration.

7

proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)); see also Notaro v. Giambra, No. 02 CV 240S, 2005 WL 711875, at *12 (W.D.N.Y. Mar. 25, 2005) (holding that plaintiff's "mere allegation" that he was fired because of his political activities was insufficient to defeat summary judgment). In light of the foregoing, the Court concludes that plaintiff has failed to demonstrate that his termination was improper under the New York Labor Law.

b. First Amendment

Although plaintiff does not specifically refer to the First Amendment in his Complaint, as noted above, the Court construes his claim broadly in light of his pro se status. Sharp v. Conole, 386 F.3d at 484. The Court also assumes for purposes of this Order that plaintiff's First Amendment claim is brought pursuant to 42 U.S.C. § 1983, which requires a showing that the "conduct complained of . . . was committed by a person acting under color of state law . . . and . . . deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). A plaintiff bringing a First Amendment retaliation suit under 42 U.S.C. § 1983 must demonstrate that:

> (1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination.

Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999).

Plaintiff, however, must first demonstrate that PIA is a state actor subject to a Section 1983 claim of retaliation in violation of the First Amendment. See, e.g., Gorman-Bakos v. Cornell Coop. Extension of Schenectady County, 252 F.3d 545, 551-52 (2d Cir. 2001) (holding that a defendant in a First Amendment retaliation suit under Section 1983 must be a state actor) (citing Loce v. Time Warner Entm't Advance/Newhouse P'ship, 191 F.3d 256, 266 (2d Cir. 1999)). Plaintiff has made no showing that PIA is a traditional state actor for these purposes. Although plaintiff alleges in his complaint that "more than half" of defendant's shares are owned by the Pakistani government, this is not equivalent to PIA's being an arm of either the state or federal government in this country.[7] As such, defendant is not a state actor in this context.

In certain instances, however, private entities may be deemed to be state actors for purposes of First Amendment claims under Section 1983, provided certain factors are met. As the Second Circuit has recognized, the Supreme Court has identified several factors that "can bear on" whether a private entity's activities can be deemed state action:

> when the state exercises its coercive power or significant encouragement, when a private actor is a willful participant in joint activity with the state, when an entity is controlled by the state or an agency thereof, when an entity has been delegated a public function by the state, when an actor is entwined with governmental policies, or when the government is entwined in the entity's management or control.

Gorman-Bakos v. Cornell Coop. Extension of Schenectady County, 252 F.3d at 552 (citing

---

[7]The Court does not find it necessary to address the issue of whether PIA is properly characterized as a branch of the Pakistani government and if so, whether it may be sued under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. ("FSIA"), except to note that an exception exists under the FSIA for actions based on a foreign sovereign's commercial activities in the United States. 28 U.S.C. § 1605(a)(2). At any rate, defendant does not argue that it is immune from the jurisdiction of this Court.

Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001)). Plaintiff has demonstrated none of these factors, and the Court finds that none of them applies. As such, the Court finds that plaintiff has failed to state a claim that his termination was due to retaliation for the exercise of his rights under the First Amendment.

## CONCLUSION

The Court has thoroughly considered the possible theories under which Mr. Shabbir could state a claim for wrongful termination. Based on the facts before the Court, including the allegations in plaintiff's Amended Complaint and his deposition testimony, the Court finds that plaintiff Muhammad Shabbir has failed to put forth an issue of material fact sufficient to defeat defendant Pakistan International Airlines' motion for summary judgment. Accordingly, the Court grants defendant's motion and Orders that the case be dismissed.

The parties shall bear their own costs. The Clerk is directed to mail copies of this Memorandum and Order to the parties.

**SO ORDERED.**

Dated: Brooklyn, New York
April 7, 2008

_/s/ Cheryl L. Pollak_
Cheryl L. Pollak
United States Magistrate Judge